Youssef H. Hammoud (SBN: 321934)
L. Tegan Rodkey (SBN: 275830)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E : youssef@pricelawgroup.com
E : tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Stephen Brent*

**UNITED STATES DISTRICT COURT**
**IN THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHEN BRENT,<br><br>  Plaintiff,<br><br>  v.<br><br>ATLANTIC RECOVERY SOLUTIONS, LLC; and DNF ASSOCIATES LLC,<br><br>  Defendants. | Case No.: 2:21-cv-02579<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.;*<br>2. CAL. CIV. CODE § 1788 *et seq.*;<br>3. Cal. Civ. Code § 3345;<br>4. Intrusion Upon Seclusion |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Stephen Brent ("Plaintiff" or "Mr. Brent"), by and through his attorneys, alleges the following against Atlantic Recovery Solutions, LLC ("ARS") and DNF Associates LLC ("DNF") (collectively, "Defendants"):

# INTRODUCTION

1. Count I and II of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788 *et seq.*, which prohibit debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

2. Count III of Plaintiff's Complaint is based upon Cal. Civ. Code § 3345, which applies only in actions brought by, on behalf of, or for the benefit of senior citizens or disabled persons. Cal. Civ. Code § 3345 allows a trier of fact to impose a fine, civil penalty, or other penalty, or other remedy in an amount up to three times greater than authorized by statute, or, where the statute does not authorize a specific amount, up to three times greater than the amount the trier of fact would impose in the absence of that affirmative finding.

3. Count IV of Plaintiff's Complaint is based upon the Invasion of Privacy Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

///

///

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. 1331.

5. Supplemental Jurisdiction of this court arises under 28 U.S.C. § 1367 because the state law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the US Constitution.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in California.

8. Plaintiff is a consumer as defined under 15 U.S.C. § 1692a(3).

9. Plaintiff is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

10. Defendants are a "debt collectors" as defined by Cal. Civ. Code §1788.2(c) and 15 U.S.C. § 1692a(6).

11. Defendants are attempting to collect on a "consumer debt" as defined by Cal. Civ. Code §1788.2(f).

12. Defendants are attempting to collect a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Defendant ARS is a national debt collector with its principal place of business headquartered in Getzville, NY. Defendant ARS can be served through its agent for service of process, Registered Agents, Inc., located at 1267 Willis Street, Ste 200, Redding, CA 96001.

14. Defendant DNF is a national debt collector and debt buyer with its principal place of business headquartered Erie, NY. DNF can be served through its agent for service of process Cogency Global Inc., located at 1325 J St., Ste 1550, Sacramento, CA 95814.

15. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendants are attempting to collect an alleged debt from Plaintiff that originated from a Comenity Bank/Virgin America credit card.

17. The debt is a "debt" as defined under 15 U.S.C. § 1692a(5) as it is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the

subject of the transaction were primarily for personal, family, or household purposes.

18. In or around August 2020, in an attempt to collect on an alleged consumer account, Defendant ARS began contacting Plaintiff on his cellular phone number ending in 3114.

19. On or about August 11, 2020, Mr. Brent received a text message from Defendant ARS stating that it had a pending case against him and needed to speak to him or his attorney.

20. That same day Mr. Brent called the number provided to him by ARS in the text message.

21. Mr. Brent spoke to a representative who indicated that ARS was attempting to collect a debt.

22. Mr. Brent stated that he did not want ARS to call his phone number anymore and to only communicate with him by mail to his PO Box.

23. ARS's representative responded that they couldn't do that and would mark Mr. Brent's file as being "combative."

24. The representative spoke to Mr. Brent using a loud voice and spoke to Mr. Brent in a threatening manner, in an attempt to scare him.

25. Further, the representative indicated that because Mr. Brent was being "combative" he should expect San Bernardino County to send him court documents, essentially threatening legal action against Mr. Brent.

26. On or about August 12, 2020, Defendant ARS sent Mr. Brent a collection letter (the "Letter").

27. The Letter was the first written communication sent by ARS to Mr. Brent.

28. The Letter informed Mr. Brent that his account has been assigned to Defendant ARS by Defendant DNF.

29. The Letter informed Mr. Brent that Defendant ARS was authorized to accept a reduced payment in the amount of $6,991.30 (from $8,739.13) due on August 28, 2020 to fully resolve the matter.

30. The Letter failed to include the disclosures required by 15 U.S.C. § 1692g, including:

    a. (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    b. (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the

      debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

  c. (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

31. By failing to include the disclosures and requiring an acceptance of the reduced payment in less than 30 days, Defendants were attempting to deceive Mr. Brent of his rights under the law.

32. On or about August 26, 2020, Mr. Brent received a voicemail on his cell phone.

33. The voicemail indicated that it was from "ARS" and stated that they needed to speak to Mr. Brent or his legal representation immediately and to call the office back at 855-221-4405.

34. Mr. Brent was unsure who left the voicemail because the individual did not provide the full name of the company, did not identify who the individual was, and did not give any information as to the purpose of the call.

35. Mr. Brent called the phone number that was provided in the vague voicemail that same day on August 26, 2020, and to his surprise, it was Defendant ARS.

36. Mr. Brent spoke to representative who indicated that Defendant ARS was attempting to collect a debt.

37. Mr. Brent informed the representative that he already instructed them not to call his number anymore and to contact him at his PO Box.

38. The representative used a threatening tone and stated that he was looking for an answer from him regarding payment on the alleged debt.

39. Mr. Brent again reiterated that any communications should be sent to his PO Box and the representative threatened Mr. Brent with legal action because he was not being responsive.

40. Mr. Brent informed the representative that he felt threatened and the representative informed him that their client wanted an answer from him.

41. Upon information and belief, Defendants also called and texted, or attempted to call and text friends and family of Plaintiff, with the intention that they would communicate to Plaintiff that Defendants was attempting to collect a debt from him, causing Plaintiff additional embarrassment and distress.

42. Upon information and belief, Defendants knowingly engage in patterns or practices that violate the FDCPA/RFDCPA in an effort to induce

consumers to make a payment on the alleged debts that they are attempting to collect on.

43. Mr. Brent is a "senior citizen" as defined by Cal. Civ. Code § 1761(f).

44. Upon information and belief, Defendants knew or should have known that Mr. Brent is a senior citizen when they were engaging in unlawful debt collection practices.

45. Defendants' conduct was done willfully and knowingly.

46. Defendants' were aware that Mr. Brent had requested he no longer be contacted on his phone and all communications be sent to him by mail.

47. Defendants' calls were excessive and done with the purpose of attempting to harass Plaintiff into making a payment on the account.

48. Defendants' threatened to take legal action when they did not have the intent to take any legal action.

49. To date, Defendants' have not brought any legal action against Mr. Brent for the alleged debt.

50. The conduct by Defendants was not only willful but done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.

51. Mr. Brent requested that he be contacted through the mail only and in response he was threatened by Defendants in an attempt to scare him and induce him into making a payment on the alleged debt.

52. Defendants' intrusion upon Mr. Brent's seclusion was highly offensive to the reasonable person and far exceeded reasonable collection efforts.

53. Defendants' conduct was especially unreasonable because they knew or should have known that Mr. Brent was a senior citizen, that he requested all calls to his phone to stop, and requested to be contacted by mail only.

54. Defendants acted maliciously and subjected Mr. Brent to oppression.

55. Due to Defendants' actions, Mr. Brent has suffered from immense emotional and mental pain and anguish, including but not limited to, stress, anxiety, headaches, sleepless nights, embarrassment, fear, confusion and humiliation.

### COUNT I
**(ALL Defendants)**
**Violations of the FDCPA, 15 U.S.C. §1692 *et seq*.**

56. Plaintiff incorporates by reference the foregoing paragraphs as fully stated herein.

57. Defendants violated the FDCPA. Defendants' violations include, but are not limited to the following:

   a. Engaging in any conduct the natural consequence of is to harass, oppress, or abuse any person in connection with the collection of a debt. §1692d.

   b. Causing a phone to ring or engaging a person in telephone conversation repeatedly or continuously with the intent to annoy,

- 10 -
COMPLAINT AND DEMAND FOR JURY TRIAL

abuse, or harass. §1692d(5).

c. The placement of telephone calls without meaningful disclosure of the caller's identity. § 1692d(6).

d. Using false, deceptive, or misleading representation or means in connection with the collection of debt. § 1692e.

e. The threat to take any action that cannot legally be taken or that is not intended to be taken. § 1692e(5).

f. The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. § 1692e(14).

g. Using unfair or unconscionable means to collect or attempt to collect any debt. §1692f.

58. The FDCPA provides a consumer with a private right of action against a debt collector for both actual and statutory damages and allows the consumer to recover his reasonable attorneys' fees and costs. §1692k(a).

## COUNT II
### (ALL Defendants)
### (Violations of CAL. CIV. CODE § 1788 *et seq*.)

59.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b. Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

61. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

62. Defendants were aware of Plaintiff's request to not be called, to be contacted through the mail only and of his old age. Despite this, Defendants engaged in unlawful collection practices in an effort to induce Plaintiff into making a payment on the alleged debt..

63. As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

///

///

## COUNT III
### (ALL Defendants)
### (Violations of the Cal. Civ. Code § 3345)

64. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. Defendants knew or should have known Plaintiff's age.

66. Defendants knew or should have known that their conduct was directed to a senior citizen.

67. Defendants unlawful debt collection practices caused Plaintiff, a senior citizen, to suffer from significant emotional distress and mental pain and anguish,.

68. As a result, Plaintiff continued to suffer from Defendants' unlawful conduct.

69. Defendants conduct as described above were done willfully and knowingly, and were directed towards a senior citizen.

70. Defendants conduct caused Plaintiff to unnecessarily suffer significant emotional distress and mental pain and anguish.

71. As a result, Defendants are liable to Plaintiff up to three times greater than the amount the trier of fact would impose.

///

///

# COUNT IV
## (ALL Defendants)
## (Intrusion Upon Seclusion)

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

74. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite Plaintiff's request for the calls to cease.

   b. The number and frequency of the telephone calls to Plaintiff by Defendants after Plaintiff's request for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

   c. The unlawful debt collection practices employed by Defendants toward Plaintiff constitute an intrusion on Plaintiff's privacy and

solitude.

d. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff.

e. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

75. As a result of Defendant's violations of Plaintiff's privacy, Defendants are liable to Plaintiff for actual damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Stephen Brent, respectfully requests judgment be entered against Defendants Atlantic Recovery Solutions, LLC and DNF Associates LLC for the following:

A. Declaratory judgment that Defendants violated the FDCPA and RFDCPA;

B. Statutory damages pursuant to 15 U.S.C. §1692k(a)(1), (2)(A) and Cal. Civ. Code §1788.30(b);

C. Actual damages pursuant to 15 U.S.C. §1692k(a)(1), (2)(A) and Cal. Civ. Code §1788.30;

D. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3) and Cal. Civ. Code §1788.30(c);

E. Treble damages pursuant to Cal. Civ. Code § 3345;

F.     Punitive damages to be determined at trial, for the sake of example and punishing Defendant for its malicious conduct, pursuant to Cal. Civ. Code § 3294;

G.     Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H.     Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 24th day of March 2021.

By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
*Attorneys for Plaintiff,*
*Stephen Brent*